UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/21/2017

GARY WALPERT,

                Plaintiff,

- against -

SYED JAFFREY and WINGATE CAPITAL, INC. a/k/a WINGATE CAPITAL NEW YORK,

                Defendants.

**ORDER**

13 Civ. 5006 (PGG) (HBP)

PAUL G. GARDEPHE, U.S.D.J.:

      Plaintiff Gary Walpert brings this action against Defendants Syed Jaffrey and Wingate Capital, Inc. a/k/a Wingate Capital New York ("Wingate"), alleging (1) breach of contract, (2) quantum meruit, (3) unjust enrichment, (4) violation of New York Labor Law ("NYLL") § 193, and (5) conversion.[1] (Am. Cmplt. (Dkt. No. 19)) Defendant Wingate has asserted a counterclaim for unjust enrichment. (Answer (Dkt. No. 21)) On August 28, 2015, the Court entered an order of default against Defendants Jaffrey and Wingate on all five claims. (Aug. 28, 2015 Order (Dkt. No. 76)) The Court then referred the matter to Magistrate Judge Henry Pitman for an inquest on damages concerning Plaintiff's claims, and for a determination as to whether Wingate is entitled to a reduction of damages based on its counterclaim. (Id. at 47)

      On August 17, 2016, Judge Pitman issued a report and recommendation ("R & R") recommending that

> judgment be entered for [P]laintiff and against the [D]efendants in the amount of $5,972,474.72, comprised of $2,612,500 on [P]laintiff's [breach of] contract

---

[1] The Amended Complaint also names U.S. Defense Fund Management LLC ("USDFM") as a defendant. (See Am. Cmplt. (Dkt. No. 19)) The Court dismissed USDFM from the action after Plaintiff moved to drop USDFM as a defendant pursuant to Fed. R. Civ. P. 21. (See Aug. 28, 2015 Order (Dkt. No. 76) at 17-21)

claim, $2,054,326.92 on [P]laintiff's NYLL claim, $1,091,237.66 in pre-judgment interest through August 31, 2016, $192,973.63 in attorneys' fees and $21,436.51 in costs.

(R & R (Dkt. No. 90) at 59-60) Judge Pitman further determined that, because "[D]efendants do not address the unjust enrichment counterclaim in their [inquest submissions]," "there is no basis for an offset on the record before [the court]."[2] (Id. at 31)

With respect to Plaintiff's claims for quantum meruit, unjust enrichment, and conversion, Judge Pitman "d[id] not recommend any compensatory damages" because the assessment of damages "turns almost exclusively on the testimony of two opposed, interested parties – [P]laintiff and Jaffrey – with almost no documentary evidence supporting either's position." (Id. at 60) Judge Pitman "believe[d] that a viva voce hearing [was] necessary to assess damages" for those claims, but also recognized that "there may be no incremental benefit to [P]laintiff in continuing to pursue [those] damages" due to "substantial collection issues." (Id. at 60) Accordingly, Judge Pitman directed that "within fourteen (14) days of [the R & R], plaintiff's counsel is to advise as to whether [P]laintiff wishes to proceed with a viva voce hearing with respect to the quasi-contract and conversion claims." (Id.) In a September 1, 2016 letter, Plaintiff states that he does not seek a hearing on these claims. (Sept. 1, 2016 Pltf. Ltr. (Dkt. No. 91))

---

[2] In the August 28, 2015 Order granting default judgment, this Court found – as to Defendant Wingate's counterclaim for unjust enrichment – that "'the factual record regarding [the] counterclaim[] is simply too incomplete for the court to conclude one way or the other whether [it] constitute[s] [a] meritorious defense' that would justify 'reduc[ing] Plaintiff's damages.'" (Aug. 28, 2015 Order (Dkt. No. 76) at 45-46 (quoting State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 230 F. Supp. 313, 324 (S.D.N.Y. 2002)) The Court therefore referred the matter to the Magistrate Judge for further inquiry, stating that "'[a]fter [D]efendant [Wingate has] been given an opportunity to flesh out the factual foundation for [the] counterclaim,' the Magistrate Judge will decide whether Plaintiff's recovery should be reduced." (Id. at 46) Defendant Wingate did not address the counterclaim – or whether damages associated with it constitute an offset to Plaintiff's damages – in its Proposed Findings of Fact and Conclusions of Law, however. (See Dkt. No. 89)

2

In the R & R, Judge Pitman informs the parties that they have fourteen days from the service of the R & R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and that failure to do so will preclude appellate review. (R & R (Dkt. No. 90) at 60-61)

No party has objected to the R & R. Accordingly, the parties have waived their right to review by this Court. See Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue."); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). "'The district judge evaluating a magistrate judge's recommendation may adopt those portions of the recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous.'" Gilmore v. Comm'r of Soc. Sec., No. 09 Civ. 6241 (RMB) (FM), 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Investor Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003)).

Having conducted a review of the 63-page R & R, the Court finds that the R & R is not clearly erroneous and, in fact, is extremely thorough, well-reasoned, and entirely in conformity with the law. In making his recommendations to award damages with respect to Plaintiff's breach of contract and NYLL claims, Judge Pitman carefully applied the correct standards for each claim and accurately determined the pre-judgment interest accrued on those claims. (See R & R (Dkt. No. 90) at 14-15, 23-26) Judge Pitman also correctly determined that,

3

while Plaintiff was entitled to attorneys' fees and costs, the requested award for attorneys' fees was excessive. (See id. at 37-58) Judge Pitman made appropriate reductions in both the hourly rates and hours billed, and recommends an award that this Court finds reasonable. (Id.) Accordingly, the R & R's recommendations are adopted in their entirety and judgment will be entered against Defendants Jaffrey and Wingate as set forth below.

## CONCLUSION

Judge Pitman's August 17, 2016 R & R (Dkt. No. 90) is adopted by this Court in its entirety. The Clerk of the Court is respectfully directed to enter judgment in favor of Plaintiff as against Defendants Jaffrey and Wingate, jointly and severally, in accordance with the R & R. The Clerk of the Court is further directed to close this case. The parties' failure to file written objections precludes appellate review of this decision. See United States v. Male Juvenile, 121 F.3d 34, 38-39 (2d Cir. 1997).

Dated: New York, New York
      March 21, 2017

SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge

4